

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SAHAND ROSTAMI BORUJERDI,

       Plaintiff,

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1-50, inclusive,

       Defendants.

Case No.:  3:26-cv-02296-H-MSB

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

[Doc. No. 6.]

On May 14, 2026, Plaintiff Sahand Rostami Borujerdi filed a motion to remand the action back to state court for lack of subject matter jurisdiction.  (Doc. No. 6.)  On June 1, 2026, Defendant Jaguar Land Rover North America, LLC ("JLRNA") filed a response in opposition to Plaintiff's motion.  (Doc. No. 10.)

A hearing on Plaintiff's motion is currently scheduled for Monday, June 29, 2026 at 10:30 a.m.  Pursuant to Civil Local Rule 7.1(d)(1), the Court determines the matter is appropriate for resolution without oral argument, vacates the hearing, and submits the motion on the parties' papers.  For the reasons below, the Court denies Plaintiff's motion to remand.

## Background

Plaintiff is a resident of the State of California.  (Doc. No. 1-2, Compl. at 19.) Defendant JLRNA is a limited liability company organized under the laws of the State of

1

Delaware with its principal place of business located in New Jersey.  (Doc. No. 1 ¶ 12.)

On February 26, 2022, Plaintiff purchased a 2022 Land Rover Sport HST, VIN SALWS2RU8NA221152 ("Vehicle").  (Id. ¶¶ 6, 8.)  When the Vehicle was purchased, Plaintiff received express written warranties in which Defendant JLRNA, an automotive manufacturing company, undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance.  (Id. ¶¶ 4, 8.)

At the time of delivery and during Plaintiff's ownership of the Vehicle, the Vehicle manifested defects and nonconformities covered by Defendant's express warranties.  (Id. ¶¶ 9, 16, 33.)  Plaintiff delivered the Vehicle to an authorized repair facility.  (Id. ¶ 21.) However, Defendant JLRNA and Defendant's authorized repair facilities were unable to conform the Vehicle to the applicable express warranties after a reasonable number of repair attempts, failed to service or repair the Vehicle within thirty days pursuant to Civil Code § 1793.2(b), and failed to replace the Vehicle or make restitution in accordance with the Song-Beverly Consumer Warranty Act.  (Id. ¶¶ 22, 23, 43, 50, 51.)

On March 10, 2026, Plaintiff filed a complaint in the Superior Court of California, County of San Diego against Defendant, alleging causes of action for: (1) breach of express warranties pursuant to the Song-Beverly Consumer Warranty Act, Civil Code § 1790 et seq.; (2) breach of implied warranties in violation of Civil Code § 1791.1, § 1792, and § 1794; (3) failure to promptly repurchase product in violation of Civil Code § 1793.2(d) and § 1793.1(a)(2); and (4) failure to commence repairs within a reasonable time and to complete them within 30 days in violation of Civil Code § 1793.2(b).  (Id. ¶¶ 14-51.) Plaintiff explicitly revokes acceptance of the Vehicle in its Complaint and seeks general, special, actual, incidental, and consequential damages.  (Id. ¶¶ 10, 26, 36, 37, Prayer for Relief.)

On April 10, 2026, Defendant removed the action to United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction.  (Doc. No. 1, Notice of Removal.)  On April 10, 2026, Defendant filed an

answer to Plaintiff's Complaint.  (Doc. No. 3, Answer.)  By the present motion, Plaintiff moves to remand the action back to the Superior Court of California, County of San Diego for lack of subject matter jurisdiction.  (Doc. No. 6.)

**Discussion**

## I.      Legal Standard

Federal courts are courts of limited jurisdiction.  United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008).  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).  A case is removable only if it could have been originally filed in federal court.  Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.'"  Id. (quoting Gaus, 980 F.2d at 566).

Here, Defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. No. 1.)  "Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000."  Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020) (citing 28 U.S.C. § 1332(a)).  The Supreme Court has explained that where removal is based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co., LLC, v. Owens, 574 U.S. 81, 89 (2014).   "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets

3:26-cv-02296-H-MSB

the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). While "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015), the defendant need not "research, state, and prove the plaintiff's claims for damages," Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal quotation marks omitted). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018).

## II.   Analysis

Plaintiff does not dispute the timeliness of Defendant's removal, that complete diversity of citizenship exists, or that the amount in controversy exceeds the $75,000 requirement. (See generally Doc. No. 6.) Rather, Plaintiff merely asserts that Defendant has the burden of proving that removal is proper both substantively and procedurally as the removing party. (Id. at 8 at 2, 6.) Defendant states it has properly removed this action because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. No. 10 at 7.) The Court agrees.

### A.   Diversity of Citizenship

In its Notice of Removal, Defendant notes that there is complete diversity of citizenship. (Doc. No. 1 ¶ 9.) Plaintiff does not assert otherwise.

For purposes of diversity, citizenship of an individual is established by both United States citizenship and domicile in a state of the United States. See Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). An individual's domicile is determined at the time the action is filed, see Lew, 797 F.2d at 750, and is established based upon "a fixed habitation or abode in a particular place, and an intention to remain there permanently or indefinitely." Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940). A corporation, on the other hand, is a citizen of its state of incorporation and of the state where its principal place of business (i.e., its "nerve center") is located. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559

3:26-cv-02296-H-MSB

U.S. 77, 80–81 (2010).  A limited liability company "is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Defendant asserts that Plaintiff, "at the time this action was commenced, was and is still a citizen of the United States who is domiciled in the State of California, in the City of San Diego."  (Doc. No. 1 ¶ 11.)  In support, Defendant points to the retail installment sales contract attached to Plaintiff's Complaint which lists a San Diego address for Plaintiff.  (Doc. No. 10 at 14; see Doc. No. 1-2, Compl. at 19.)  Defendant also retained an investigator who found nine addresses for Plaintiff, seven of which were in San Diego.  (Doc. No. 10 at 14.)  Plaintiff does not contest that he is domiciled in California.  (See Doc. No. 6.)  Defendant JLRNA is a limited liability company formed under the laws of Delaware with its principal place of business located in New Jersey.  (Doc. No. 1 ¶ 12.)  Defendant JLRNA is a wholly owned subsidiary of Jaguar Land Rover Holdings Limited.  (Id. ¶ 13.)  Jaguar Land Rover Holdings Limited is a citizen of England with its principal place of business located in Coventry, England.  (Id. ¶ 14.)  Further, none of the addresses found for Plaintiff are in Delaware or New Jersey.  (Doc. No. 10 at 14.)  Thus, Defendant has met its burden of establishing that there is complete diversity of citizenship between the parties.

### B.    Amount in Controversy

In its Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  (Doc. No. 1 ¶ 16.)  Plaintiff prays for actual damages, a civil penalty in the amount of two times Plaintiff's actual damages, incidental and consequential damages, and actual attorneys' fees.  (Doc. No. 1-2, Compl. at 17.)  Plaintiffs offer no facts or reason to doubt Defendant's assertion.

#### 1.    Actual Damages

California Civil Code section 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution in "an amount equal to the actual price paid or payable by the buyer,...including any collateral charges such as sales or use tax,

3:26-cv-02296-H-MSB

license fees, registration fees, and other official fees[.]" Cal. Civ. Code § 1793.2(d)(2)(B).  While Plaintiff's Complaint does not provide a clear and unambiguous statement as to actual damages, (see generally Doc. No. 1-2, Compl.), Defendant contends that Plaintiff seeks reimbursement of the price paid for the vehicle throughout the Complaint.  (Id. ¶ 25, 38.)  The retail installment sale contract attached to the Complaint states the total sale price for the Vehicle as $124,181.20.  (Id. at 19, 20.)

Section 1793.2(d)(2)(C) permits the manufacturer to reduce the amount payable to the buyer "by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(C).  The set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer...by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem.  Id.  Although Defendant did not calculate a mileage offset reduction in its Notice of Removal, Defendant provides mileage figures for Plaintiff's repair visits in its opposition to Plaintiff's motion to remand.  (Doc. No. 10 at 11.)  Defendant notes that Plaintiff's first repair visit for a check engine light and Apple Car Play cutting out was August 3, 2022, with 6,081 miles on the odometer at the time of presentation.  (Id. at 11, 27, 28.)  The second visit was on March 25, 2024, with 26,526 miles on the odometer.  (Id.) The third visit was on May 3, 2025, with 40,341 miles on the odometer.  (Id.)  There were two more visits in June 2025.  (Id.)  Using the more generous 40,341 mileage figure of Plaintiff's third visit, a mileage offset of $41,746.61 can be calculated.[1]  Subtracting $41,746.61 from $124,181.20 (total sale price) yields $82,434.59, an estimate of Plaintiff's actual damages.

Defendant's submission is sufficient to establish by a preponderance of evidence

---

[1] $40,341/120,000 \times \$124,181.20 = 41746.61491$

that Plaintiff's Song-Beverly Act actual damages are, after taking mileage offset into account, at least $82,434.59. The actual damage alone readily meets the amount-in-controversy of $75,000 for the purposes of this Motion.

### 2. Civil Penalty Damages

Under California Civil Code 1794(c), the buyer of a defective consumer good may receive a civil penalty "not [to] exceed two times the amount of actual damages" if the buyer establishes that the failure to comply was "willful." Cal. Civ. Code § 1794(c). "The Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." Wang v. FCA US LLC, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025) (citing Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007); Morey v. Louis Vuitton North Am., Inc., 561 F. App'x 642, 643 (9th Cir. 2011)). Courts have also rejected the argument that defendants must proffer evidence to support the likelihood of civil penalties for purposes of meeting the amount-in-controversy requirement. See Pulver v. Nissan North America, Inc., 2025 WL 1766529, at *5 (C.D. Cal. June 25, 2025) ("[I]t is appropriate to consider only the sufficiency of the allegations in a complaint in assessing whether a claim of willfulness should be used in determining whether the amount in controversy is satisfied.")

Plaintiff explicitly alleges that Defendant willfully violated the Song-Beverly Act in multiple ways, including by refusing to comply with its obligations to promptly offer restitution or replacement for the vehicle, or commencing service and repair within a reasonable time or to complete such service or repairs within thirty days. (Doc. No. 1-2, Compl. ¶¶ 22, 23, 24, 47, 50, 51.) Plaintiff also alleges that these violations entitle them to "civil penalty [damages] for each violation, in the amount of two times Plaintiff's total damages" pursuant to California Civil Code § 1794(c) and (e). (Id. at 17.) Thus, by alleging willfulness and requesting the maximum of civil penalties, Plaintiff has put the maximum amount of civil penalties in controversy and that amount should be included. Defendant has shown, by a preponderance of the evidence, that a civil penalty of up to two-times the Vehicle price can be considered in determining whether the amount-in-

controversy requirement has been met.  Combined with the actual damages of $82,434.59, the addition of $164,869.18 readily meets the amount-in-controversy of $75,000 for the purposes of this Motion.

### 3.    Attorneys' Fees

Lastly, Plaintiff's Complaint requests attorneys' fees pursuant to California Civil Code 1794(d).  (Doc. No. 1-2, Compl. at 17.)  Under California Civil Code 1794(d), a buyer of a defective consumer good is allowed to recover, as a part of the judgment, "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended ...."  Cal. Civ. Code § 1794(d).  In its Notice of Removal, Defendant cites Brady v. Mercedes-Benz USA, Inc., where the Court recognized that fee awards in similar lemon law cases regularly included attorney's fees of over $60,000.  (Doc. No. 1 ¶ 23) (citing Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)).  Factoring in negligible attorneys' fees here, the court finds that Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.

### Conclusion

For the reasons above, the Defendant has satisfied its burden of establishing that the Court has subject matter jurisdiction over the present action based on diversity jurisdiction.  Accordingly, the Court denies Plaintiff's motion to remand.

**IT IS SO ORDERED.**

DATED: June 16, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:26-cv-02296-H-MSB